LILLIE MATTHEWS, plaintiff in error, *vs.* THOMAS J. WOOL-
FOLK *et al.*, executors, defendants in error.

1. An action having been brought against the defendants, as executors, charging their testator as an executor *de son tort* of the father of the plaintiff, with having appropriated the rents and profits derived from a certain lease belonging to said father's estate, and seeking to render them liable for double the value of the same; to allow a count to be added seeking to render the defendants liable on a breach of covenant for quiet enjoyment contained in said lease, would be to authorize an amendment introducing a new and distinct cause of action.

2. Where witnesses, in explaining how they went into possession of certain property, state that it was under a lease, the answer is inadmissible. The lease should be produced or its loss accounted for.

Executor *de son tort.* Amendment. Evidence. Before Judge BARTLETT. Jones Superior Court. October Term, 1873.

This is the second time this case has been before this court: See *Horne vs. Woolfolk,* 45 *Ga. R.,* 546. The marriage of the plaintiff with Jesse M. Matthews, pending the litigation, accounts for the change of name.

The facts are briefly as follows: Lillie Horne brought case against Thomas J. Woolfolk and John Woolfolk, as executors of Thomas Woolfolk, deceased, alleging that her father, Ferdinand Horne, died on January 3d, 1848, owning a ten years' lease on part of a certain lot in the city of Macon, on which, by contract with said Thomas Woolfolk, the owner, he had erected a large frame building, covering nearly the whole space leased, with the privilege of removing the same, or of requiring said Woolfolk to keep and pay for it at a fair valuation; that the lease would have expired on September 1st, 1854, thus leaving six years and eight months to run after the death of said lessee; that the land leased was worth, without the house, $300 00 per annum for rent, and with the house, $200 00 additional; that said Woolfolk, the lessor, shortly after the death of plaintiff's father, the lessee, took possession of said property, and continued to appropriate it to his own use until his death, in August, 1863; that the defendants have continued said possession and appropriation since the death of their testator; that the house is worth $300 00; that the amount due by the defendants is $6,000 00; that plaintiff's father left, at his death, her mother and herself as his only heirs, and no debts due by his estate, thus entitling her to one undivided half of the same; that, under the law, she is entitled to recover twice this amount; that she prays process.

The plaintiff subsequently amended her writ by adding a count on a breach of the covenant for quiet enjoyment contained in the lease. On demurrer, said amendment was stricken, and plaintiff excepted.

Plaintiff tendered in evidence the depositions of William

Dibble and T. N. Mason, to show that they were placed in possession of the property leased to Ferdinand Horne by defendants' testator. It appeared from their answers to cross-interrogatories that they went into possession under a written lease "subject to Horne's lease." Their entire testimony being in reference to this point, their answers, on objection of defendants, were excluded. To which ruling plaintiff excepted.

Plaintiff having closed, a non-suit was ordered. Error is assigned upon each of the above grounds of exception.

J. RUTHERFORD; JAMES H. BLOUNT, by R. H. CLARK, for plaintiff in error.

WHITTLE & GUSTIN ; LANIER & ANDERSON, by brief, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants as executors *de son tort* of one Ferdinand Horne. The plaintiff amended her original declaration by adding a count for breach of a covenant contained in a certain lease for quiet enjoyment of certain premises mentioned therein. At the trial, the defendants demurred to this second count, on the ground that it introduced a new and distinct cause of action. The court sustained the demurrer, and plaintiff excepted.

1. The court did not err in striking the amendment from the plaintiff's declaration. No amendment adding a new and distinct cause of action is allowable: Code, sec. 3480. The judgment against the defendants in the original action as executors *de son tort,* if the case had been made out against them by the evidence, would have been for double the value of the property of Horne, wrongfully possessed and converted by them, whereas the judgment for a breach of a covenant for quiet enjoyment would have been governed by a different rule as to damages.

2. The plaintiff offered in evidence the interrogatories of

Mason & Dibble for the purpose of showing that the defendants put them in possession of Horne's property after his death. In answer to cross-interrogatories put to the witnesses, Mason, one of the firm of Mason & Dibble, answered, "that they went into possession of the property under a written lease. We did know of the lease to Horne, and we did lease the property subject to Horne's lease." The evidence offered was objected to by defendants, until the lease, under which the witnesses went into possession, was produced. The court sustained the objection, and the plaintiff excepted. The defendants were sought to be made liable because they had leased the premises to Mason & Dibble, having previously leased a part thereof to Horne, who was dead, and whose lease had not expired at the time of the lease to Mason & Dibble. If they went into the possession of the property under that lease, they entered according to the terms of it. What were the terms of that lease? Did it authorize Mason & Dibble to take possession of the property previously leased to Horne, or was the property previously leased to Horne specially exempted in the lease to Mason & Dibble? They say that they leased the property from the defendants subject to Horne's lease, and the lease itself was the highest and best evidence as to what property the defendants did lease to them, and should have been produced or its loss accounted for, the more especially as the plaintiff sought to charge the defendants with having wrongfully leased Horne's property to Mason & Dibble, and thereby to make them liable as executors *de son tort.*

Let the judgment of the court below be affirmed.